IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| WALLACE WORTHAN, JR. : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | CIVIL NO: 4:22-CV-96-CDL-MSH |
| WEST CENTRAL REGIONAL : | |
| HOSPITAL, *et al.*, : | |
| : | |
| Defendant. : | |
| _____ | |

## ORDER OF DISMISSAL

*Pro se* Plaintiff Wallace Allen Worthan, Jr., who is currently housed in the West Central Georgia Regional Hospital in Columbus, Georgia, filed this 42 U.S.C. § 1983 in the Northern District of Georgia. ECF No. 1. The complaint was thereafter transferred to this Court. *See* ECF Nos. 3 and 4. Plaintiff requests leave to proceed *in forma pauperis*. ECF No. 2. His motion to proceed *in forma pauperis* is **GRANTED** and his complaint is **DISMISSED** as frivolous under 28 U.S.C. § 1915A(b)(1) for the reasons set forth below

### I.   REQUEST TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2. However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must

assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff has submitted to the Court a blank certification form on which he avers that the hospital has refused to complete and sign the certification form. ECF No. 2 at 3. Plaintiff further submitted a printed "account statement" purportedly from West Central Regional Hospital. *Id*. at 4-5. It thus appears that Plaintiff did attempt to comply with statutory provision requiring a certified account statement but was unable to provide one through no fault of his own. Moreover, the Court is unable to discern from the format of the account statement exactly the amount of funds Plaintiff has in his account and whether those funds are currently available to the Plaintiff due to his hospitalization. In light of this, Plaintiff's request to proceed *in forma pauperis* will be **GRANTED for purposes of this dismissal alone.**

For the reasons set forth above, it is hereby **ORDERED** that Plaintiff's complaint be filed and that he be allowed to proceed without paying an initial filing fee in this civil action.

A. Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his trust account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the facility where Plaintiff

is housed. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

B.   Plaintiff's Obligations Upon Release

An individual's release from custody does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## II.  STANDARD OF REVIEW AND ANALYSIS

In accordance with the PLRA, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. See 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding *in forma pauperis*. Both statutes apply in this case, and the standard of review is the same.  When conducting preliminary screenings, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  *Pro se* pleadings are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Boxer X*, 437 F.3d at 1110 (internal quotation marks omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b)(1)-(2).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks and citations omitted).  The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."  *Id*. (internal quotation marks and citations omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be

4

enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

Plaintiff indicates that he is a pretrial detainee who has been deemed incompetent to stand trial and is thus now being housed at "georgia Department of behavioral Health and Developmental Disabilities, West Central Georgia Regional Hospital". ECF No. 1 at 3 and 4. In his "Statement of Claim", Plaintiff's states as follows:

> Someone is microwaving my brain and im going to tell you a little about it. When firing these signals at victim brain this meant by mimicking natural brain frequencies , the human brain can be controlled remotely by use of extremely low frequency broadcast carried by pulse modulated microwave beams (eLf) pulse modulated microwave remote mind control technology it is now possible to broadcast mind control technology demands directly into the brain by use of microwave beams. All that is needed is a catalogue of every specific brain frequency for each mood action and thought these catalogue of excitation potentials are available from russian neuro medical research institutes so anyone with A enough cash can have the same technology At their disposal since precise frequencies are needed for mind

> control very sophisticated microwaves arrays and computer programs had to be developed.   It occurred for three years every day. It took place at hospital and at home.   they violated my rights by invading privacy, refuse medical treatment and would not let me talk to police and make a police report from the hospital about someone microwaving my brain won't get me a Attorney {indecipherable} Look at the Law {indecipherable} and just wouldn't help me at All what All so Happen to me is they said there is no technology that can make me hear voices feel bad they failed to prove Any of the things i said and they said i was incompayten …

*Id*. at 4-5.

Plaintiff's requested relief is that he wants an investigation done and "want to do a check on [his] brain to make sure no ones hacking into it."  *Id*. at 5.   He further requests that the Court "[summon] the makers of noninvasive brain to brain interface and brain net [and] scientists to prove that someone is talking to [him] in [his] head…" and to "contact the CiA because they have a spcaise unit for these cases".  *Id*. at 5-6.   Plaintiff further requests monetary damages for "the lost of [his] brain while [he's] been here".  *Id*. at 5. He names as West Georgia Regional Hospital and "Doctor Hunter, Taylor" as Defendants. *Id*. at 1 and 3.

Plaintiff's complaint contains rambling and implausible nonsense.  The liberal construction that applies to pro se pleadings cannot serve as a substitute for establishing a cause of action, and if the Court determines that the factual allegations in a complaint are "clearly baseless" the complaint should be dismissed as frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Examples of "clearly baseless" factual allegations are those "describing fantastic or delusional scenarios."  *Id*. at 328; *Denton v. Harnandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325-28) (stating that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, fanciful, fantastic, or

delusional).

Plaintiff's complaint is replete with impossible scenarios, grandiose ideas, and unbelievable happenings. Therefore, Plaintiff fails to satisfy the minimal standards of rationality required at the preliminary screening stage. The violations Plaintiff alleges and the relief he seeks are predicated upon factual allegations that are "fanciful, fantastic, irrational, and/or delusional." *Porter v. Governor of the State of Fla.*, 667 F. App'x 766, 767 (11th Cir. 2016) (citing *Denton*, 504 U.S. at 32-33). Where, as here, "the facts alleged rise to the level of the irrational or the whole incredible," dismissal is appropriate. *Gray v. U.S. Government*, 540 F. App'x 916, 917 (11th Cir. 2013) (quoting *Denton*, 504 U.S. at 32-33). Accordingly, Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as frivolous.[1] 28 U.S.C. § 1915A(b)(1).

**SO ORDERED** this **19th** day of **September, 2022**.

S/Clay D. Land
CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Court realizes that dismissal with prejudice under 28 U.S.C. § 1915A is "an extreme sanction to be exercised only in appropriate cases." *Camp v. Oliver*, 798 F.2d 434, 438 (11th Cir. 1986). This is an "appropriate case[]." *Id*. District courts have the inherent power to dismiss *sua sponte* frivolous suits without giving notice to the parties. *See Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F2d 524, 526, 526 n.3 (11th Cir. 1983). This case qualifies for such treatment because Plaintiff's allegations "'are clearly baseless and without arguable merit in fact.'" *Jordan v. Central Intelligence Agency*, No. 5:18-cv-455 (MTT), ECF No. 4 (M.D. Ga. Dec. 5, 2018) (quoting *Bey v. Sec'y, U.S. State Dep't*, 2018 WL 3135153, at *3 (M.D. Fla. 2018)); *Davis v. Kvalheim*, 261 F. App'x 231, 235 (11th Cir. 2008)).