IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **WALLACE WORTHAN, JR.** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| VS. : | |
| : | **CIVIL NO: 4:22-CV-96-CDL-MSH** |
| **WEST CENTRAL REGIONAL** : | |
| **HOSPITAL,** *et al.*, : | |
| : | |
| **Defendant.** : | |

### ORDER ON PLAINTIFF'S APPLICATION TO APPEAL IN FORMA PAUPERIS

Plaintiff Wallace Allen Worthan, Jr., has filed a notice of appeal. ECF No. 10. Plaintiff also submitted an application to appeal *in forma pauperis*. ECF No. 13. On September 19, 2022, an Order was entered that dismissed Plaintiff's complaint as frivolous pursuant to 28 U.S.C. §1915A(b)(1). ECF NO. 8. Judgment was entered in favor of the Defendants. ECF No. 9. Plaintiff now seeks to appeal the dismissal of his complaint. ECF No. 10. Plaintiff has filed an application to appeal *in forma pauperis*. ECF No. 13. After reviewing the record, the Court enters the following Order as to Plaintiff's Motion for Leave to Appeal *in forma pauperis*.

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

(a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or

appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

. . .

(3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

(1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

(A) shows . . . the party's inability to pay or to give security for fees and costs;

(B) claims an entitlement to redress; and

(C) states the issues that the party intends to present on appeal.

(2) If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed *in forma pauperis*. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Plaintiff submitted a "Civil Appeal

2

Statement" in which he states that he is a pretrial detainee currently being housed in West Central Regional Hospital. ECF No. 13 at 7. He states that he has $114.00 being held in trust for him at West Central Regional Hospital. *Id*. at 3-4. Plaintiff did not submit a certified account statement with his application to proceed on appeal *in forma pauperis*. However, a review of the record reveals that Plaintiff previously submitted a hospital balance sheet which reveals approximately $150.00 in Plaintiff's trust account. ECF No. 2 at 5. It thus appears that he is unable to pre-pay the full $505 appellate filing fee.

Next, the Court must determine if the Plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

A statement of the issues an Appellant intends to appeal is required under Fed. R. App. P. 24(a)(1)(C). In his motion to proceed *in forma pauperis* on appeal, Plaintiff

3

submitted that his basis for appeal is that he is "in a hospital pretrail detanely (sic)".  ECF No. 13 at 7.  Elsewhere in Plaintiff's motion it is stated that the basis for appeal is that "the decission (sic) from the lower court to dissmiss (sic) plaintiff's was contrary to law an the evidence of record does not support the lower courts decission to dismiss Plaintiffs complaint with prejudice".  *Id.* at 2.  Lastly, Plaintiff's notice of appeal states that "Plaintiff continues to suffer from continuous and prolonged headaches without any form diagnostic treatment to rule out a possible medical condition to explain Plaintiffs symptoms.  ECF No. 10 at 2.  However, this is a claim not previously raised in Plaintiff's original complaint.  Compare *id.* with ECF No. 1.  Plaintiff's original complaint centered on the claim that he was not being allowed to make a police report about someone using invasive technology to microwave his brain and to control his mind including the hearing of voices.  See ECF No. 1 at 5.  He further complained that the use of these microwaves was an invasion of his privacy, and that the hospital was doing nothing to "check on [his] brain to make sure no ones hacking into it".  *Id*.  Lastly, besides damages, Plaintiff wanted this Court to summon "the makers of nonintravasive brain to brain interface and brain net" and to have "scientists to prove that someone is talking to [him] in [his] head useing a noninvasive brain to brain interface or {indecipherable} or mirowaves".  *Id*.

This Court has conducted an independent review of the issues raised in the Plaintiff's complaint (ECF No. 1), the Court's Orders dismissing that complaint (ECF No. 8), the Plaintiff's Notice of Appeal (ECF No. 10) and Plaintiff's issue statements contained within his motion to appeal *in forma pauperis* (ECF No. 13).  Based upon a thorough

4

inquiry, the Court concludes that Plaintiff's appeal is frivolous.  *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the plaintiff).  The appeal, therefore, is not brought in good faith.  Plaintiff has raised no issues with arguable merit.  Consequently, Plaintiff's application to appeal *in forma pauperis* is **DENIED**.

Because Plaintiff's application to appeal *in forma pauperis* is **DENIED**, he must pay the entire $505 appellate filing fee if he wishes to proceed with his appeal.  Since Plaintiff has averred that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b).  Pursuant to section 1915(b), the account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full.  Checks should be made payable to "Clerk, U.S. District Court."  The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the facility in which Plaintiff is incarcerated.

**SO ORDERED and DIRECTED**, this **14th** day of **November 2022**.

S/Clay D. Land
CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT